NOT FOR PUBLICATION                                          (Doc. No. 25)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                                    :
ORLANDO RODRIDGUEZ,                                 :
                                                    :
                    Plaintiff,                      :       Civil No. 13-4634 (RBK/JS)
                                                    :
            v.                                      :       **OPINION**
                                                    :
READY PAC PRODUCE, OSCAR                             :
RODRIGUERA, and CHRISTINA                            :
CROWLEY,                                             :
                    Defendants.                     :
_____           :

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Orlando Rodriguez ("Plaintiff") for leave to file an Amended Complaint. Plaintiff's original Complaint, filed pro se and in forma pauperis against Ready Pac Produce, Oscar Rodriguera, and Christina Crowley ("Defendants") was dismissed without prejudice pursuant to an Order and Opinion of this Court dated May 9, 2014. For the reasons expressed below, Plaintiff's motion will be **DENIED**.

**I.      BACKGROUND**

This case relates to the termination of an employment relationship between Plaintiff and Ready Pac Produce. The factual allegations of this case have been set forth in the Court's Opinion dated May 9, 2014 as follows:

> Plaintiff was hired by Ready Pac in February 2013 as a Production Supervisor. Compl. ¶
> 8. Ready Pac gave him a written "Offer of Employment," which provided for
> compensation in the amount of $2,692.31 bi-weekly, which is the equivalent of $70,000
> on an annual basis, and provided that the employment relationship was to be at-will.
> Compl. Ex. 1.

At some point after he started work, Plaintiff indicates that he presented a complaint to Shawn Bray, who was Ready Pac's former Plant Director, and to Christina Crowley, the Human Resources Manager, in which he alleges that he "requested that immediately, the organization start[] and provide[] a program where people in leadership / administrative roles will be trained to understand, follow and comply with the legal requirements of Title VII of the Civil Rights Acts of 1964." Compl. ¶ 10. He also complained to management about what he believed to be a violation of the Equal Pay Act of 1963. Id. ¶ 12.

Plaintiff alleges that in June or July 2013, Crowley and Oscar Rodriguera, who was the Acting Plant Manager at the time, met with him and accused him of "[a]dultery, having several girlfriends and talking in public of [his] personal affairs," all allegations that he denies. Id. ¶ 16. He alleges that these accusations were incorporated into his personnel file. Id. ¶ 17. He apparently had a subsequent meeting with Rodriguera and a different human resources employee, at which he alleges he was read a "list of faults," some of which he indicates were related to job performance, and others to "human relations." Id. ¶ 19. Plaintiff does not identify the accusations leveled against him at the second meeting with management, although he characterizes them as "totally false." Id.

After these two meetings, Plaintiff was terminated, although it does not appear that Plaintiff provides the exact date of his termination. Id. ¶ 20. He alleges that his supervisors justified the termination through the information conveyed to Plaintiff at the two meetings. Id. He also indicates that one of the reasons given by his employer for his termination was that he missed two days of work due to reporting as ill, which he attributes to working long hours in a cool wet environment at Ready Pac. Id. ¶ 21. Plaintiff subsequently filed suit against Ready Pac, Rodriguera, and Crowley. He sets forth ten substantive counts, which allege causes of action for wrongful termination, unjust enrichment, money owed not paid, termination contrary to public policy, breach of the implied covenant of good faith and fair dealing, violations of and retaliation related to Title VII of the Civil Rights Act of 1964 ("Title VII"), retaliation based on the Equal Pay Act of 1963, emotional distress, mental anguish, and public humiliation.

Plaintiff has attached as exhibits to his complaint a number of email communications between himself and other Ready Pac employees. The majority of the email communications reflect complaints lodged by Plaintiff with managers and human resources personnel. The first is an email sent on May 6, 2013 to five individuals at Ready Pac, including Bray and Crowley. Id. Ex. 2. In it, Plaintiff complains about the conduct of a supervisor named Ford Francis. Id. He claims that Francis pointed at a number of individuals, including Plaintiff, and stated that "the company should fire all of you." Id. Plaintiff suggests that the comment was inappropriate and racially motivated because the "all of you" he was referring to were all evidently racial minorities, while Francis is white. Id.

Two other emails relate to a request by Plaintiff to transfer to a daytime shift, instead of the night shift that he was evidently working at the time. Id. Ex. 4. In another email five

pages in length, Plaintiff protested to Crowley about Ready Pac's policy of not paying
him for a day in which he was out sick.  Id. Ex. 5.  Other emails relate to more routine
production and efficiency issues at the plant, and one involves Plaintiff reporting an
absence from work due to illness.  Id. Ex. 6.

Rodriguez v. Ready Pac Produce, Civ. No. 13-4634, 2014 WL 1875261, at *1-2 (D.N.J. May 9,

2014) (ECF Doc. No. 19) (footnotes omitted).

Pursuant to its Opinion of May 9, 2014, this Court found that for each cause of action

asserted, Plaintiff failed to plead a sufficient factual basis to state a claim.  Although Defendants'

motion to dismiss was granted, the dismissal was without prejudice as to some counts, and the

Order indicated that Plaintiff could seek leave to file an Amended Complaint.  On June 2, 2014,

Plaintiff filed an Amended Complaint without having received such leave.  ECF Doc. No. 21.

The Court issued an Order striking the Amended Complaint and allowing Plaintiff another

window of time to seek leave to amend.  ECF Doc. No. 24.  Now, Plaintiff has sought leave to

amend, and has attached his Proposed Amended Complaint.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, leave to amend pleadings shall be "freely

give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2).  In Foman v. Davis, 371 U.S. 178

(1962), the Supreme Court articulated the liberal policy of allowing amendments underlying

Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason—such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. at 182; see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

In determining if a proposed amendment should be denied based on futility grounds, courts employ the "same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citations omitted); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.").  Under Rule 12(b)(6), a motion to dismiss may be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

## III.   DISCUSSION

### A.  Retaliation Based on Equal Pay Act

Plaintiff asserts that he was retaliated against in connection with the reporting of an alleged violation of the Equal Pay Act of 1963 ("EPA").  The EPA prohibits an employer from paying employees of one sex less than the rate which employees of the opposite sex are paid for equivalent work. Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).  Plaintiff claims that he raised issues to management involving several employees whose formal job classification did not match up with the actual work that Ready Pac assigned them to perform.  Proposed Amended Complaint ¶ 59.  He suggested to Mr. Rodriguera that the company might owe "back pay" to these employees.  Id. ¶ 62.  He specifically refers to a female Ready Pac employee, Farah Pascal, whose formal job classification resulted in her being paid less than she allegedly should have

been for the type of work she performed.  Id. ¶ 61.  He alleges that he told Rodriguera and

Crowley that Pascal and other employees could prevail in a claim for a violation of the EPA, and

that Rodriguera and Crowley "got mad and dismissed Plaintiff's concerns."  Id. ¶ 62.  Plaintiff

evidently infers that he was terminated as retaliation for raising these concerns.

   Pursuant to the Court's Opinion, the EPA count was dismissed without prejudice,

because Plaintiff did not plead sufficient facts to demonstrate that he engaged in statutorily

protected activity, a required element of such a retaliation claim.  In particular, he did not plead

facts indicating a reasonable belief that Ready Pac had violated the EPA, nor facts showing

conduct on his part that reasonably could be perceived by his employer as directed towards the

assertion of rights protected by the EPA.

   In the Proposed Amended Complaint, Plaintiff has not changed a single word of the EPA

count.  Although the paragraph numbers are different, Count IV of the Proposed Amended

Complaint repeats the exact same four paragraphs that made up Count VII of the original

Complaint.  See Complaint ¶¶ 67-71; Proposed Amended Complaint ¶¶ 59-62.  Nor is there any

new material elsewhere in the Proposed Amended Complaint that suggests that Plaintiff engaged

in statutorily protected activity, as described in the Court's prior Opinion.  Thus, the motion to

amend will be denied as to the EPA Count for the reasons expressed in that Opinion.

**B.  Title VII Claim**

   Count III of the Proposed Amended Complaint asserts both a violation of Title VII, as

well as a Title VII retaliation claim.  As in the original Complaint, this claim relates to alleged

discrimination on the basis of race and national origin against Plaintiff and others.  The Court

previously dismissed the corresponding count in the original Complaint because Plaintiff did not

plead exhaustion of administrative remedies by filing a timely discrimination charge with the

Equal Employment Opportunity Commission ("EEOC").  The May 9, 2014 Opinion explicitly stated that if Plaintiff sought to include a Title VII count in his amended complaint, he would have to show exhaustion of his administrative remedies with the EEOC.  Because Plaintiff has still not pled such exhaustion, leave to amend must be denied for his Title VII claim, for the same reasons as expressed in this Court's prior Opinion.

### C.  Supplemental Jurisdiction

The remainder of Plaintiff's claims arise under state law.  As Plaintiff's motion to amend must be denied as to both claims that arise under federal law, and Plaintiff has pleaded no basis for jurisdiction other than federal question jurisdiction pursuant to 28 U.S.C. § 1331, the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims, and thus does not reach the question of whether the Proposed Amended Complaint states a claim under any of these causes of action.  See 28 U.S.C. § 1367(c)(3).

### D.  Leave to Amend

As this is Plaintiff's second attempt to state a viable claim, and with respect to the two causes of action discussed herein, Plaintiff has come no closer to stating a claim than on his initial attempt, the Court finds that further amendment would be futile.  See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).[1]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend will be **DENIED**.  An appropriate Order shall enter.

---

[1] The Court recognizes that Plaintiff is proceeding pro se, without the assistance of counsel, and has observed his admission that he "is not sure which language and [/] or wording needs to be used / employed" in an amended pleading.  Pl.'s Mot. Amend at 1.  The Court further has considered his request that the Court "grant Plaintiff Leave to File even if the wording or the format is not the ideal."  Id. at 2.  The Court stresses that the Proposed Amended Complaint fails to state a claim not because of any trivial deficiency in its words or format.  Rather, for the reasons explained here and in the Court's previous Opinion, Plaintiff has failed to set forth factual allegations that would support a claim under either Title VII or the EPA.

Dated: 8/5/2014                                  s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge